# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL SESSION, 1999

FILED

June 22, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9808-CR-00273 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RAY L. JENKINS |
| DAYNELLE M. KYLE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Possession of a |
| | ) | Controlled Substance with Intent to |
| | ) | Sell) |

FOR THE APPELLANT:

DARRYL W. HUMPHREY
P. O. Box 6655
Knoxville, TN  31914

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ERIK W. DAAB
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

RANDALL E. NICHOLS
District Attorney General

PAULA GENTRY
Assistant District Attorney
City-County Building
Knoxville, TN  37902

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On November 1, 1995, the Knox County Grand Jury indicted Appellant Daynelle M. Kyle for one count of possession of .5 grams or more of cocaine with intent to sell, and one count of possession of .5 grams or more of cocaine with intent to deliver. After a jury trial on October 27, 1997, Appellant was convicted of one count of possession of .5 grams or more of cocaine with intent to sell. After a sentencing hearing on December 11, 1997, the trial court sentenced Appellant as a Range I standard offender to a term of twelve years in the Tennessee Department of Correction. Appellant challenges his conviction, raising the following issue: whether the evidence was sufficient to support his conviction. After a review of the record, we affirm the judgment of the trial court.

## FACTS

Officer Donna Mynatt of the Knoxville Police Department testified that on May 23, 1995, she and some other officers were conducting surveillance of a suspected crack house. Mynatt and the other officers saw several people go into the crack house and when the people came out, the officers stopped them. Most of the people who came out of the crack house had approximately .25 grams of cocaine and various items considered to be drug paraphernalia.

Mynatt testified that at approximately 12:45 a.m., Appellant and two other individuals came out of the crack house and began drinking beer. Mynatt then approached the three individuals and stated, "Hey, I want to talk to you just a

second." The three individuals then began running in different directions. Mynatt then radioed for backup as Officer James Quick began pursuit of Appellant. While Quick was running after Appellant, Mynatt saw Quick point to a telephone pole past which he had ran. Shortly thereafter, Appellant stopped running and laid down on the ground. Quick then put handcuffs on Appellant. Quick told Mynatt that Appellant had thrown some cocaine on the ground near the telephone pole. Quick searched Appellant and discovered approximately $500.00 in cash.

Mynatt testified that after she and Quick put Appellant in a patrol car, they returned to the telephone pole. The officers found sixteen small baggies of cocaine in a larger bag of cocaine. Mynatt estimated that the cocaine had a street value of $1,000.00.

Mynatt testified that based on her training and experience, the cocaine found by the telephone pole was unquestionably packaged for resale. Mynatt based this opinion on the amount of cash Appellant was carrying, the amount of cocaine, the way that the cocaine was packaged, that Appellant did not have any drug paraphernalia that he could use to ingest the cocaine himself, and that Appellant had no "track marks" on his arms that would indicate that he used drugs on a regular basis.[1]

Officer James Quick of the Knoxville Police Department testified that during the surveillance on May 23, 1995, he heard Mynatt yell over the radio that she

---

[1]We note with some irony that Appellant's innocence of paraphenalia and personal use charges serve to incriminate him of more serious drug charges.

was in pursuit of a suspect. Quick saw Mynatt chasing Appellant and Quick joined the pursuit. Quick then saw Appellant drop what appeared to be a plastic baggie on the ground by a telephone pole in a "well-lit" area. The officer was never further than twenty feet away from Appellant during the chase and he never lost sight of Appellant.

Quick testified that he subsequently found sixteen small baggies of cocaine and one larger bag of cocaine that were all in a larger bag. Quick testified that there was no doubt in his mind that the cocaine was the object that he had seen Appellant drop. Quick estimated that the cocaine had a street value of $1,600.00.

Quick testified that in his opinion, the cocaine was packaged for resale or delivery. Quick based this opinion on the amount of the cocaine and the packaging of the cocaine. Quick testified that the amount and packaging were consistent with what had been done by drug dealers in the past.

Celeste White of the Tennessee Bureau of Investigation testified that the material in the seventeen baggies was 13.3 grams of cocaine.

Appellant testified that he had never been in the suspected crack house. Appellant testified that he was merely in the area when he saw two black men running, so he decided to run for his own protection. Appellant denied ever having possession of the cocaine and he stated that the cash he had in his possession was obtained by gambling. Appellant admitted that he had never had any regular employment.

**ANALYSIS**

Appellant contends that the evidence was insufficient to support his conviction. We must disagree.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure

provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt."

In this case, Appellant was convicted of possession of .5 grams or more of cocaine with intent to sell. At the time of the events at issue in this case, Tennessee Code Annotated section 39-17-417 provided, in relevant part:

> (a) It is an offense for a defendant to knowingly:
> . . . .
> (4) Possess a controlled substance with intent to manufacture, deliver or sell such controlled substance.
> . . . .
> (c) A violation of subsection (a) with respect to:
> (1) Cocaine is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine and, in addition thereto, may be fined not more than one hundred thousand dollars ($100,000); and

Tenn. Code Ann. § 39-17-417 (1995). In addition, Tennessee Code Annotated section 39-17-419 provided:

> It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing. It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of a controlled substance or substances that the controlled substance or substances so exchanged were possessed not with the purpose of selling or otherwise dispensing in violation of the provisions of § 39-17-417(a). Such inferences shall be transmitted to the jury by the trial judge's charge, and the jury will consider such inferences along with the nature of the substance possessed when affixing the penalty.

Tenn. Code Ann. § 39-17-419 (1995).

First, Appellant contends that the evidence was insufficient to establish that he ever possessed any cocaine on the night in question. However, Officer Quick stated that when he was chasing Appellant, he was never further than twenty feet

away from him and he never lost sight of him. Quick testified that when Appellant was in a "well-lit" area, he saw Appellant throw what appeared to be a plastic baggie on the ground near a telephone pole. Quick testified that shortly thereafter, he and Mynatt returned to the telephone pole and found the cocaine. Finally, Quick testified that there was no doubt in his mind that Appellant was the person who dropped the cocaine by the telephone pole. When this evidence is viewed in the light most favorable to the State, as it must be, it is clearly sufficient for a rational jury to conclude beyond a reasonable doubt that Appellant had possessed the cocaine.

Second, Appellant contends that even if the evidence was sufficient to show that he possessed cocaine, the evidence was still insufficient to establish that he possessed the cocaine with intent to sell it. We again disagree. Essentially Appellant argues that the evidence was insufficient because there was no proof that he ever actually sold any cocaine. However, under the express terms of Tennessee Code Annotated section 39-17-419, the State is not required to introduce any proof of an actual sale in order to prove possession with intent to sell. Rather, the jury is permitted to infer that a defendant had intent to sell based on the amount of the controlled substance and the surrounding circumstances. Tenn. Code Ann. § 39-17-419 (1995).

The evidence in this case showed that Appellant fled from police after he came out of a suspected crack house. The evidence also showed that Appellant had been in possession of 13.3 grams of cocaine that was divided into seventeen separate amounts that had a combined street value of between $1,000.00 and $1,600.00. Despite that fact that Appellant had never had any regular

employment, he had approximately $500.00 in cash in his possession when he was arrested. In addition, Mynatt testified that based on her training and experience, she knew "without a doubt that th[e] cocaine was packaged for resale." Mynatt testified that the amount of cocaine involved was much greater than the amount ordinarily possessed by a typical drug abuser. She stated that unlike most drug abusers, Appellant did not have any drug paraphernalia in his possession with which he could ingest the cocaine himself. Further, Appellant did not have any "track marks" on his arms that are indicative of drug abuse. The amount of cash Appellant had in his possession and the way that the cocaine was packaged were consistent with selling cocaine. In addition, Quick testified that based on his training and experience, the cocaine was possessed for sale or delivery. He testified that both the amount of cocaine involved and the fact that it was packaged in small baggies was consistent with the way drug dealers operate. Quick also testified that there was nothing about Appellant's person that would indicate that he was a drug user. When this evidence is viewed in the light most favorable to the State, it is clearly sufficient for a rational jury to conclude beyond a reasonable doubt that Appellant possessed the cocaine with intent to sell it.[2]

In this case, Appellant essentially asks us to reconsider the evidence and substitute a verdict of not guilty in place of the verdict found by the jury. That is not our function. Instead, we conclude that a rational jury could have found

---

[2]We note that this case is similar to State v. Brown, 915 S.W.2d 3 (Tenn. Crim. App. 1995), in which this Court held that the evidence was sufficient to support an inference that the defendant possessed 5.06 grams of cocaine with intent to sell because: the defendant was in an area known for drug transactions, the amount of the cocaine and the fact that it was packaged in two small plastic bags indicated that it was for resale, the defendant did not have any drug paraphernalia, and the defendant did not appear to have recently ingested drugs. Id. at 8.

beyond a reasonable doubt that Appellant was guilty of the offense of possessing .5 or more grams of cocaine with intent to sell.  This issue is meritless.

Accordingly, the judgment of the trial court is AFFIRMED.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
NORMA MCGEE OGLE, JUDGE